UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOHN MANTEL,

Plaintiff,

- against -

KAIZEN MEDIA GROUP LLC

Defendant.

Docket No. ________________

JURY TRIAL DEMANDED

**COMPLAINT**

Plaintiff John Mantel ("Mantel" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Kaizen Media Group LLC ("Kaizen" or "Defendant") hereby alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of four copyrighted photographs of Yiru Sun, owned and registered by Mantel, a New York City based photojournalist. Accordingly, Mantel seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

**JURISDICTION AND VENUE**

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or are transacting business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

5. Mantel is a professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 60 East 8th Street, #19P, New York, NY 10003. Mantel's photographs have appeared in many publications around the United States.

6. Upon information and belief, Kaizen is a corporation duly organized and existing under the laws of the State of New York, with a place of business at 383 RXR Plaza, Uniondale, New York 11566. At all times material hereto, Kaizen has owned and operated a website at the URL: www.LifeDaily.com (the "Website").

**STATEMENT OF FACTS**

**A. Background and Plaintiff's Ownership of the Photographs**

7. On or about May 8, 2016, Yiru Sun canceled her wedding after she refused to sign a prenup. Instead of canceling her reception she found a group of children and families in need to attend instead.

8. On or about May 8, 2016, Mantel photographed Yiru and her guests (the "Photographs"). A true and correct copy of the Photographs are attached hereto as Exhibit A.

9. Mantel then licensed the Photograph to the Daily Mail. On May 8, 2016, the Daily Mail ran an article that feature the Photographs on its web edition entitled *Bride Invite 60 Needy Kids and Their Families to Her Glitzy NY Wedding reception after the ceremony was canceled when she refused to sign a prenup.* See http://www.dailymail.co.uk/news/article-3579593/Bride-cancels-wedding-invites-60-needy-kids-8-000-reception.html. Mantel's name

was featured in a gutter credit identifying him as the photographer of the Photographs. A true and correct copy of the web edition of the article is attached here to as Exhibit B.

10. Mantel is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

11. The Photograph was registered with United States Copyright Office and was given Copyright Registration Number VA 2-007-059.

**B. Defendant's Infringing Activities**

12. Upon information and belief, on or about May 14, 2016, ran an article on the Website entitled *Groom Calls Off Wedding Because She Would't Sign Prenup, Bride Throws Party Needy Kids.* See http://www.lifedaily.com.cwpcdn.com/groom-calls-off-wedding-because-she-wouldnt-sign-prenup-bride-throws-party-for-needy-kids/. The article prominently featured the Photographs. A true and correct copy of the article is attached hereto as Exhibit C.

13. Kaizen did not license the Photographs from Plaintiff for its article, nor did Kaizen have Plaintiff's permission or consent to publish the Photographs on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST KAIZEN)**
**(17 U.S.C. §§ 106, 501)**

14. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

15. Kaizen infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on the Website. Kaizen is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

16. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17. Upon information and belief, the foregoing acts of infringement by Kaizen have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

18. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

19. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

20. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

21. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Kaizen be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of

Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

3. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

4. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

5. That Plaintiff be awarded pre-judgment interest; and

6. Such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
October 10, 2016

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff John Mantel*